**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Reed Clifton Tanner, ) | C/A No. 8:10-270-CMC-JDA |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income ("SSI"). Plaintiff, proceeding *pro se*, appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on April 29, 2011. For the reasons set forth below, the court adopts the Report as modified herein and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject,

1

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**BACKGROUND**

Plaintiff applied for SSI on July 29, 2005, alleging disability as of January 2000. Tr. 123. The ALJ, in a decision issued June 27, 2008, found Plaintiff not disabled and denied his claims. Tr. 12-19. Plaintiff appealed this decision to the Appeals Council and submitted new evidence for consideration. Tr. 1A, 14. This new evidence consisted of various medical records including letters from a clinical psychologist, gastroenterologist, and endocrinologist who opined about Plaintiff's

condition and ability to perform substantial gainful employment. The Appeals Council, after considering the additional information, found no reason to review the ALJ's decision and denied Plaintiff's request for review. Tr. 11-13. Plaintiff then filed this action asserting that (1) the Appeals Council erred in declining to review the ALJ's decision; (2) there is sufficient evidence, including "new evidence" that he submitted to the Appeals Council, to show that he is disabled; and (3) the ALJ denied his claim due to bias against him. *See* Dkt. No. 18.

## DISCUSSION

The Report in this matter recommended remand based on the Appeals Council's failure to articulate a reason for denying review of Plaintiff's claim after considering new evidence. Dkt. No. 28. Defendant filed timely objections. Dkt. No. 32. Even though the Report recommended against affirming the decision of the Commissioner, Plaintiff also filed objections in this matter. Dkt. No. 33. For the reasons set forth below, the court adopts the Report as modified herein and addresses Plaintiff's objections to the extent they are relevant.

**Consideration of New Evidence by Appeals Council**. The Report recommends remand because, even though the regulations require that the Appeals Council adhere to a particular standard in considering new evidence[1], the Appeals Council failed to articulate a reason for its decision not

---

[1] Pursuant to 20 C.F.R. § 404.970(b)
If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). "When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier." *Wilkins v. Sec'y. Dep't of Health & Human Servs.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991).

3

to grant review based on Plainitff's new evidence. Dkt. No. 28 at 25-26. In its notice, the Appeals Council stated only that: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence . . . . We found that this information does not provide a basis for changing the [ALJ]'s decision." Tr. 11-12. The Report states that because the Appeals Council did not provide a reasoned decision on the additional evidence, the court is unable to determine whether substantial evidence supports the Commissioner's decision. Dkt. No. 28 at 26. Defendant filed objections arguing that the Appeals Council was not required to provide detailed reasons for denying Plaintiff's request for review.[2] Dkt. No. 32.

As stated in the Report, there is a split of authority in the Fourth Circuit and in the District of South Carolina as to whether the Appeals Council should be required to articulate its reasoning when it accepts and considers additional evidence but denies review of the ALJ's decision. *See* Dkt. No. 28 at 25 n.9. Having reviewed the Report, Plaintiff's and Defendant's objections, and the relevant case law, the court finds that under the specific facts of this case, remand is warranted.

In making his decision to deny benefits, the ALJ noted that Plaintiff's mental limitations were mostly mild and that none of Plaintiff's treating or evaluating physicians provided any medical opinion regarding Plaintiff's functional limitations. Tr. 24, 28. Having reviewed the new evidence, some of it relates directly to these issues. For instance, the new evidence presented to the Appeals Council includes letters from (1) Plaintiff's clinical psychologist, who met with Plaintiff from April

---

[2] Defendant also notes that Plaintiff did not argue that the Appeals Council was required to articulate a basis for its denial of review. Dkt. No. 32. However, as stated in the Report, Plaintiff is proceeding in this matter *pro se*, and, therefore, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). Even though Plaintiff did not explicitly argue that the Appeals Council was required to articulate a basis for its denial of review, he did argue that the Appeals Council's decision not to grant his request for review was in error. Dkt. No. 18 at 6.

through September of 2008, stating that Plaintiff had significant mental health issues that interfere with his ability to perform substantial gainful employment (Tr. 775); (2) Plaintiff's gastroenterologist, who began seeing Plaintiff in 2007, discussing how Plaintiff's irritable bowel syndrome interrupts his daily routines in a way that could affect employment (Tr. 783); and (3) Plaintiff's endocronologist, who has been treating Plaintiff since 2005, stating that the combination of Plaintiff's endocrine conditions and non-endocrinologic and psychiatric illnesses cause Plaintiff to suffer substantial chronic disability (Tr. 785). As the Report states, this evidence is new, and, even though the letters post-date the ALJ's decision, the opinions expressed relate to the period before the date of the ALJ's decision.[3] *See* Dkt. No. 28 at 25 (noting that the dates cited by the treating caregivers show their opinions refer to the relevant period).

The Appeals Council summarily found that Plaintiff's new evidence did not provide a basis for changing the ALJ's decision. However, without any explanation regarding why the ALJ's decision is not contrary to "the weight of the evidence currently of record" (20 C.F.R. § 404.970(b)), this court cannot determine whether the decision is supported by substantial evidence.[4] Therefore, remand is required for a finding as to the weight to be accorded this new evidence and, where

---

[3] Defendant argues that the Appeals Council was justified in rejecting Plaintiff's additional evidence because several of the documents did not relate to the period on or before the ALJ's decision and some of it is not new but merely cumulative. Dkt. No. 19 at 18-19. The court notes that because the Appeals Council did not itself state why this additional evidence did not provide a basis for changing the ALJ's decision, these arguments are nothing more than speculation. *See Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("courts may not accept appellate counsel's post hoc rationalizations for agency action").

[4] As the court noted in *Harmon v. Apfel*, when the Appeals Council fails to articulate reasons for rejecting new evidence, "the court is caught between trying to provide a meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." 103 F. Supp. 2d 869, 872 (D.S.C. 2000).

appropriate, the reasons for rejecting treating physicians' opinions.[5]

**Bias of ALJ.** The Report also found that Plaintiff failed to make a showing that the ALJ presiding over his case was biased against him, and, therefore, there is no legal requirement that the ALJ be excluded from considering this matter upon remand. Dkt. No. 28 at 22-23. In his objections, Plaintiff again argues that the ALJ treated Plaintiff unfairly due to bias. *See* Dkt. No. 33 at 11-17. However, having reviewed the record, the court finds that even though Plaintiff strongly disagrees with many of the ALJ's findings, he has not made a showing that the ALJ was biased in any way towards Plaintiff. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that rulings alone are almost never sufficient evidence of bias unless "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible"). Rather, as the Report states, a review of the transcript reveals that the ALJ was gracious and accommodating to Plaintiff, granting him continuances which are contrary to the ALJ's normal practice. *See* Dkt. No. 28 at 23. Therefore, the court adopts the Report's finding that there is no merit in Plaintiff's bias claim.[6]

---

[5] Plaintiff has also raised other additional evidence issues. He attached new evidence to his October 12, 2010 filing, which it appears the Magistrate Judge construed as motion for remand as a result of alleged new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g), and he argues in his objections that although he sent a letter with additional medical evidence to the Appeals Council that evidence is still missing from the court's record. Dkt. Nos. 20 and 33. For the reasons set forth above, the court is remanding this matter under sentence four of 42 U.S.C. § 405(g). Upon remand the ALJ will review the case on a complete record, including any new and material evidence (*see Smith v. Heckler*, 782 F.2d 1176, 1182 (4th Cir. 1986)), thus giving Plaintiff the opportunity to present additional evidence.

[6] In his objections Plaintiff also argues that he is entitled to declaratory relief and a jury trial. *See* Dkt. No. 33 at 2-8, 10. Assuming without deciding that Plaintiff properly raised these arguments, the court notes that it has no jurisdiction in this matter other than that provided in the Social Security Act, 42 U.S.C. § 405(g). Therefore, the court does not have jurisdiction to hear this matter *de novo* as would be necessary to grant declaratory relief. Despite Plaintiff's argument to the contrary, the Social Security Act clearly does not permit a jury trial in this case.

The court notes that even if the court construed Plaintiff's request for declaratory relief as

## CONCLUSION

For the reasons stated above, the court adopts the Report as modified herein, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate.

**IT IS SO ORDERED.**

       s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 8, 2011

---

a request that this court reverse the Commissioner's decision and award benefits based on a finding of disability, Plaintiff has not raised any argument to support that relief. *See Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987) (holding that the decision of whether to reverse and remand for benefits or reverse and remand for new hearing is one which "lies within the sound discretion of the district court").